EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.M., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; [FIRST | ) |
| NAME UNKNOWN] HILL, in his individual | ) |
| capacity; [FIRST NAME UNKNOWN] | ) |
| COOPER, in his individual capacity; [FIRST | ) |
| NAME UNKNOWN] HENRY, in his individual | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

### INTRODUCTION

1. T.M. served a sentence in the Bureau of Prisons and was housed at Federal Corrections Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for nearly two years.

2. While housed at FCI Dublin, T.M. faced constant sexual harassment, culminating in multiple instances of sexual abuse.

3. Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4. Plaintiff T.M is experiencing long-lasting traumatization.

**JURISDICTION AND VENUE**

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff T.M. will list this case on the bi-monthly list that will be submitted to the Court to relate this case to those other cases.

**PARTIES**

9. Plaintiff T.M. was at all times relevant here incarcerated in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11. At all times relevant hereto, Defendant Hill was a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

12. At all times relevant hereto, Defendant Cooper was a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

13. At all times relevant hereto, Defendant Henry was a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

*T.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 2

14. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff T.M. Plaintiff T.M. was dependent upon Defendant United States for her personal security and necessities.

15. In performing the acts and/or omissions contained herein, Defendants Hill, Cooper, and Henry acted under color of federal law, and Plaintiff T.M. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff T.M. Defendant United States knew or should have known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff T.M. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendant United States failed to take steps to protect Plaintiff T.M. and to ensure her rights to safety from sexual abuse.

**FACTS**

16. From February 2022 through April 2024, Plaintiff T.M. was incarcerated at FCI Dublin.

17. During that time, Plaintiff T.M. became intimately familiar with why it was known as "the Rape Club".

18. She experienced sexual harassment and abuse from guards regularly and saw such abuse happening to other women at Dublin.

19. In August 2022, Plaintiff T.M. worked in the kitchen with Officer Hill, where he began to sexually harass her, including saying things like, "I bet you have good pussy", and "If you weren't in here, I'd make you my girlfriend."

20. This behavior escalated, and on approximately four occasions from August 2022 through January 2023, Hill locked Plaintiff T.M. in the staff restroom where he groped her breasts and vagina and forced Plaintiff T.M. to fondle his penis.

21. He also forced Plaintiff T.M. to bend over so he could touch her vagina.

22. After these assaults, Hill left Plaintiff T.M. locked in the staff bathroom until he determined that the coast was clear.

23.     When Plaintiff T.M. stopped working in the kitchen around January 2023, Officer Hill began to work on Plaintiff T.M.'s unit so that he could enter her room at night.

24.     There, on approximately twenty occasions, he forced Plaintiff T.M. to remove her clothing, groped her breasts and vagina, and digitally penetrated her vagina. This continued until Hill left the facility around May 2023.

25.     In June 2023, Plaintiff T.M. was showering when Officer Cooper opened the curtain to watch her shower.

26.     By this time, the Court was encouraging prisoners at FCI Dublin to report all misconduct, and she felt relative safety in doing so.

27.     Plaintiff T.M. reported this Prison Rape Elimination Act ("PREA") violation, and her statement was taken the next morning by Lieutenant Boyd, who told Plaintiff T.M. that she was lying about the incident.

28.     Then, Boyd and Defendant Cooper wrote an incident report claiming that Plaintiff T.M. was out of bounds while she was in the shower.

29.     Plaintiff T.M.'s counselor dismissed this report of a rules violation, as the counselor believed it to be retaliation for the PREA complaint against Defendant Cooper.

30.     However, the experience frightened Plaintiff T.M. against making PREA complaints because she did not know that she would always have a counselor who would stick up for her.

31.     After her report, Defendant Cooper would stare at Plaintiff T.M. whenever he saw her, which Plaintiff T.M. found to be intimidating and made her uncomfortable.

32.     Plaintiff T.M. reported his behavior to a lieutenant, but the lieutenant told her to "just walk the other way" the next time she saw Defendant Cooper and took no steps to protect her.

33.     In November 2023, Defendant Henry's harassment of Plaintiff T.M. began.

34.     Defendant Henry approached Plaintiff T.M. and told her that he wanted to watch her and her friends have sex with one another.

35.     He also asked Plaintiff T.M. to show him her breasts whenever he walked by her room.

36. She ignored him, which appeared to anger him, so he started visiting her more frequently.

37. He performed retaliatory searches on her cell, during which he disposed of her personal property, such as journals.

38. Defendant Henry found a Facebook account for Plaintiff T.M., which identified where she lived before she was incarcerated. He told her they were from the same area, and that they should "link up" when she was released because she "owed him" for getting her out of a rules violation.

39. This frightened Plaintiff T.M. because it indicated that Defendant Henry knew where she lived and how to find her after she was released.

40. She reported this behavior to SIS and to mental health multiple times starting in December 2023.

41. After she began reporting Defendant Henry, still in December 2023, he came into her cell in the evening and asked Plaintiff T.M. to come over to him.

42. He asked why she was ignoring him. He pressured Plaintiff T.M. to have sex with him and would not relent, so she eventually told him they could do it another time, in an effort to get him to leave.

43. During this time, he pressed his body against hers, and she felt his penis pressing against her.

44. After this incident, SIS called Plaintiff T.M. into the office, where they said they had the incident on video. They questioned her, then informed her that Defendant Henry would not be returning.

45. Plaintiff T.M. regularly saw how other prisoners would face retaliation for reporting sexual abuse or harassment, including loss of privileges, prolonged confinement in the Special Housing Unit ("SHU"), or loss of good-time credit resulting in a longer BOP sentence.

46. After Plaintiff T.M.'s own reporting of the sexual harassment and abuse, she was placed in the SHU and also received multiple disciplinary write-ups.

47. She was also accused of having contraband and accused of threatening another prisoner, all untrue allegations.

48. Defendants Hill, Cooper, and Henry's conduct towards Plaintiff T.M. and others was overt and obvious.

49. Plaintiff T.M. lived in fear of Defendants Hill, Cooper, and Henry and experienced great anxiety, fear, shame, and embarrassment over what they did to her.

50. She never felt safe at FCI Dublin.

51. She has been able to see a therapist who has provided her with some help, but she is still navigating the anxiety, fear, shame, and embarrassment.

52. Plaintiff T.M. was in BOP custody until May 21, 2025.

## EXHAUSTION

53. On November 1, 2024, Plaintiff T.M., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

54. The BOP acknowledged receipt on November 19, 2024.

55. The BOP has not substantively responded to her claim.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

56. Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

57. Plaintiff T.M. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employees, Defendants Hill, Cooper, and Henry.

58. The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

59. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as a federal employee.

*T.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 6

60. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

61. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

62. Defendants Hill, Cooper, and Henry discriminated against Plaintiff T.M. based on her gender when they repeatedly sexually abused her by physically subjecting her to sexual acts.

63. By these acts, Defendants Hill, Cooper, and Henry caused Plaintiff T.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendants Hill, Cooper, and Henry)**
**(FTCA; Cal. Civ. Code § 52.4)**

64. Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

65. Plaintiff T.M. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against Defendants Hill, Cooper, and Henry.

66. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

67. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

68. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

69. Plaintiff has a nonfrivolous argument that Defendants Hill, Cooper, and Henry bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

70. Defendants Hill, Cooper, and Henry discriminated against Plaintiff T.M. based on her gender when they repeatedly sexually abused her by physically subjecting her to sexual acts.

71.     By these acts, Defendants Hill, Cooper, and Henry caused Plaintiff T.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

### THIRD CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendant United States)
### (FTCA; California Common Law)

72.     Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

73.     Plaintiff T.M. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employees, Defendants Hill, Cooper, and Henry.

74.     These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

75.     Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

76.     Defendants Hill, Cooper, and Henry violated Plaintiff T.M.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

77.     Defendants Hill, Cooper, and Henry's sexual abuse of Plaintiff T.M. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

78.     Defendants Hill, Cooper, and Henry subjected Plaintiff T.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff T.M.'s person.

79.     By intentionally subjecting Plaintiff T.M. to sexual acts, Defendants Hill, Cooper, and Henry acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

80.     By repeatedly subjecting Plaintiff T.M. to sexual acts, Defendants Hill, Cooper, and Henry caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FOURTH CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendants Hill, Cooper, and Henry)**
**(California Common Law)**

81.     Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

82.     Plaintiff T.M. brings this claim for sexual assault for violation of her rights under California common law against Defendants Hill, Cooper, and Henry.

83.     Defendants Hill, Cooper, and Henry violated Plaintiff T.M.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

84.     Defendants Hill, Cooper, and Henry's sexual abuse of Plaintiff T.M. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

85.     Defendants Hill, Cooper, and Henry subjected Plaintiff T.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff T.M.'s person.

86.     By intentionally subjecting Plaintiff T.M. to sexual acts, Defendants Hill, Cooper, and Henry acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

87.     By repeatedly subjecting Plaintiff T.M. to sexual acts, Defendants Hill, Cooper, and Henry caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FIFTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 1708.5)**

88.     Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

89.     Plaintiff T.M. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code § 1708.5 against the United States for the conduct of its employees, Defendants Hill and Henry.

90.     These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

91. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

92. Defendants Hill and Henry committed sexual battery against Plaintiff T.M. by repeatedly sexually abusing her while she was incarcerated as a minimum-security inmate at FCI Dublin.

93. The sexual abuse of Plaintiff T.M., an inmate, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

94. Defendants Hill and Henry subjected Plaintiff T.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff T.M.'s person.

**SIXTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendants Hill and Henry)**
**(Cal. Civ. Code § 1708.5)**

95. Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

96. Plaintiff T.M. brings this claim for sexual battery under California Civil Code § 1708.5 against Defendants Hill and Henry.

97. Defendants Hill and Henry committed battery against Plaintiff T.M. by repeatedly sexually abusing her while she was incarcerated as a minimum-security inmate at FCI Dublin.

98. The sexual abuse of Plaintiff T.M., an inmate, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

99. Defendants Hill and Henry subjected Plaintiff T.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff T.M.'s person.

**SEVENTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant United States)**
**(FTCA; California Common Law)**

100. Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

101.   Plaintiff T.M. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendants Hill, Cooper, and Henry.

102.   These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

103.   Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

104.   Defendants Hill, Cooper, and Henry engaged in outrageous conduct by repeatedly subjecting Plaintiff T.M. to sexual acts while she was incarcerated as an inmate in their employer's custody. They abused their authority over Plaintiff T.M. and their power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

105.   Defendants Hill, Cooper, and Henry's sexual abuse caused Plaintiff T.M. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

106.   Defendants Hill, Cooper, and Henry intended to cause Plaintiff T.M. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of an inmate.

**EIGHTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendants Hill, Cooper, and Henry)**
**(California Common Law)**

107.   Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

108.   Plaintiff T.M. brings this claim for the intentional infliction of emotional distress against Defendants Hill, Cooper, and Henry.

109.   Defendants Hill, Cooper, and Henry engaged in outrageous conduct by repeatedly subjecting Plaintiff T.M. to sexual acts while she was incarcerated as an inmate in their employer's custody. They abused their authority over Plaintiff T.M. and their power to affect her

in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

110.    Defendants Hill, Cooper, and Henry's sexual abuse caused Plaintiff T.M. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

111.    Defendants Hill, Cooper, and Henry intended to cause Plaintiff T.M. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of an inmate.

### NINTH CLAIM FOR RELIEF
### BANE ACT
### (against all Defendants)
### (FTCA; Cal. Civ. Code § 52.1)

112.    Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

113.    Plaintiff T.M. was in the custody and control of the United States during all relevant times.

114.    Defendants Hill, Cooper, and Henry violated Plaintiff T.M.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

115.    Defendant United States, by the actions of its employees Hill, Cooper, and Henry, interfered with Plaintiff T.M.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth

Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

116.    As a proximate result of these acts, Plaintiff T.M. sustained damage and injury.

## TENTH CLAIM FOR RELIEF
## TRAFFICKING VICTIMS PROTECTION ACT
## (against all Defendants)
## (18 U.S.C. § 1581, *et seq.*)

117.    Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

118.    Defendants Hill, Cooper, and Henry knowingly recruited, enticed, and solicited Plaintiff T.M. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

119.    Defendants Hill, Cooper, and Henry made Plaintiff T.M. engage in sex acts through force and coercion.

120.    This conduct has caused Plaintiff T.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

## ELEVENTH CLAIM FOR RELIEF
## CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
## (against Defendant United States)
## (FTCA; Cal. Civ. Code § 52.5)

121.    Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

122.    Defendants Hill, Cooper, and Henry knowingly recruited, enticed, and solicited Plaintiff T.M. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

123.    Defendants Hill, Cooper, and Henry made Plaintiff T.M. engage in sex acts through force and coercion.

124.    Defendant United States employed Defendants Hill, Cooper, and Henry, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

125. This conduct has caused Plaintiff T.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**TWELFTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendants Hill, Cooper, and Henry)**
**(Cal. Civ. Code § 52.5)**

126. Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

127. Defendants Hill, Cooper, and Henry knowingly recruited, enticed, and solicited Plaintiff T.M. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

128. Defendants Hill, Cooper, and Henry made Plaintiff T.M. engage in sex acts through force and coercion.

129. This conduct has caused Plaintiff T.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**THIRTEENTH CLAIM FOR RELIEF**
**FALSE IMPRISONMENT**
**(against Defendant Hill)**
**(Cal. Const. Art. I § 13 and Cal. Civ. Code § 820.4)**

130. Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

131. Defendant Hill, a federal employee, engaged in the wrongful conduct alleged while in the course and scope of his employment as federal employees.

132. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

133. Defendant Hill locked Plaintiff T.M. in the bathroom, against her will, for an appreciable amount of time, restricting her free movement.

134. Defendant Hill did this in order to prevent the discovery of his unlawful actions, namely, sexually abusing Plaintiff T.M.

*T.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 14

135. Plaintiff has a nonfrivolous argument that Defendant Hill bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

136. This conduct has caused Plaintiff T.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

### FOURTEENTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT
### (against Defendant United States)
### (FTCA; Cal. Const. Art. I § 13 and Cal. Civ. Code § 820.4)

137. Plaintiff T.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

138. Plaintiff T.M. brings this claim under the Federal Tort Claims Act for false imprisonment against the United States based on the conduct of Defendant Hill.

139. Defendant Hill, a federal employee, engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

140. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

141. Defendant Hill locked Plaintiff T.M. in the bathroom, against her will, for an appreciable amount of time, restricting her free movement.

142. Defendant Hill did this in order to prevent the discovery of his unlawful actions, namely, sexually abusing Plaintiff T.M.

143. This conduct has caused Plaintiff T.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

### PRAYER FOR RELIEF

144. Plaintiff T.M. prays for judgment against Defendant, and each of them, as follows:

    (a) An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff T.M. in an amount to be determined at trial;

    (b) An award to Plaintiff T.M. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

    (c) For such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff T.M. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: February 4, 2026

SIEGEL, YEE, BRUNNER & MEHTA

By:_____
     EmilyRose Johns


GOLDEN LAW


By: /s/ *Deborah M. Golden*
     Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*